**Jimmie T. McGEE–EL, Appellant,**

v.

Chandra **HARTEGAN, Caseworker, NECC; Tracy Harrison, Librarian II, NECC; Debra Kelly, Caseworker, NECC; Joel Clover, Corrections Officer I, NECC; James Carter, Functional Unit Manager, NECC; Carrie Taylor, Classification Caseworker Assistant, NECC; Kathy Clifton, Functional Unit Manager, NECC; Michelle Thompson, Grievance Officer II, NECC; Unknown Davis, Corrections Officer II, NECC; Unknown Lambert, Corrections Officer II, NECC; Lori Calvin, Corrections Officer III/Committee Member, NECC; Dale Lucas, Correctional Case Worker; Chantay Godert, Assistant Warden, NECC; Thomas Dunn, Deputy Warden, NECC; Jim Moore, Warden, NECC; Larry Crawford, Director, Missouri Department of Corrections, Appellees.**

No. 09–3758.

United States Court of Appeals, Eighth Circuit.

Submitted: June 18, 2010.

Filed: June 24, 2010.

Jimmie T. McGee–El, Bowling Green, MO, pro se.

Chanekka Shantez Buckingham, Assistant Attorney General, Attorney General's Office, St. Louis, MO, for Appellees.

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

PER CURIAM.

Missouri inmate Jimmie McGee–El (McGee) appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 civil action. After careful de novo review, *see Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir.2004), we conclude that (1) McGee's retaliatory-discipline claims were properly dismissed because there was "some evidence" to find him guilty of

---

1. The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

violating prison rules, *see Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir.1994); (2) his due process challenge to the disciplinary hearing is also meritless, because McGee failed to show that he had a protected liberty interest in avoiding the resulting punishment, *see Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir.2002) (per curiam); *Kennedy v. Blankenship,* 100 F.3d 640, 642–43 & n. 2 (8th Cir.1996); and (3) the district court was not required to rule on discovery motions before dismissing the complaint, *see First Commercial Trust Co. v. Colt's Mfg. Co.,* 77 F.3d 1081, 1083 n. 4 (8th Cir.1996), or to provide McGee with a list of deficiencies. Finally we do not consider the claims that either have been abandoned or are first raised on appeal.

Accordingly, the judgment is affirmed. *See* 8th Cir. R. 47B.